UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
--------------------------------------------------------------------X
THE CHARTER OAK FIRE INSURANCE COMPANY,

                                Plaintiff,

                  -against-

OLD REPUBLIC INSURANCE COMPANY and
BURGESS STEEL ERECTORS OF NEW YORK, LLC,

                                Defendants.

--------------------------------------------------------------------X

No. _____

**COMPLAINT**

       Plaintiff, The Charter Oak Fire Insurance Company ("Travelers"), by its attorneys, Rivkin Radler LLP, as and for its Complaint herein, alleges upon information and belief as follows:

### Nature of the Action

       1.     In this action, Travelers seeks a declaration that Defendant, Old Republic Insurance Company ("Old Republic"), has a primary duty to defend and to indemnify Icon Interiors, Inc. ("Icon") in two underlying personal injury actions (collectively, the "Underlying Action") filed by Alexander Johnson (the "Claimant") seeking damages for injuries he allegedly sustained on December 10, 2019 when he was allegedly struck by a steel beam that was allegedly not properly secured (the "Accident") while he was working for Defendant, Burgess Steel Erectors of New York, LLC ("Burgess Steel") at a renovation project (the "Project") on the tenth floor of premises located at 44 Wall Street, New York, New York (the "Premises"), and to reimburse past defense costs paid by Travelers.  Travelers seeks coverage for Icon as an additional insured under a primary liability policy issued by Old Republic to Burgess Steel (the "Old Republic Policy").

**The Parties**

2.      At all times relevant hereto, Plaintiff, Travelers, was and is a Connecticut corporation with a principal place of business located in Hartford, Connecticut.

3.      At all times relevant hereto, Defendant, Old Republic, was and is a Pennsylvania with a principal place of business in Pennsylvania.

4.      At all times relevant hereto, Old Republic engaged in the business of issuing policies of insurance in the State of New York.

5.      At all times relevant hereto, Defendant, Burgess Steel, was and is a New York limited liability company with a principal place of business in New Jersey.

6.      At all times relevant hereto, Defendant, Burgess Steel, conducted business in New York.

7.      At all times relevant hereto, the members of Defendant, Burgess Steel, were residents or citizens of New York and/or New Jersey, and none of the members were residents or citizens of Connecticut.

**Jurisdiction and Venue**

8.      This Court has original, subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1332.

9.      There is complete diversity of citizenship between Plaintiff, Travelers, and Defendants, Old Republic and Burgess Steel, and the amount in controversy exceeds $75,000, exclusive of interest and costs.

10.     Venue is proper pursuant to 28 U.S.C. § 1391(b)(2).

**Insurance Policies**

11.     Travelers issued Commercial General Liability Policy DT-CO-9M686796-COF-

18 to Icon for the policy period December 19, 2019 to December 19, 2020, with a limit of liability of $2 million each occurrence (the "Travelers Policy").

12.     The Travelers Policy generally provides coverage for sums an insured is legally obligated to pay as damages because of bodily injury that takes place during the policy period and is caused by an accident, and a duty to defend any suit seeking such damages.

13.     The Travelers Policy contains an excess "other insurance" clause that provides that coverage under the Travelers Policy is excess over any other insurance, whether primary, excess, contingent or on any other basis that is available to the insured as an additional insured.

14.     Old Republic issued Commercial General Liability Policy A2DG52791812 to Burgess Steel for the policy period covering the date of the Accident, with a limit of liability of $1 million each occurrence (the "Old Republic Policy").

15.     The Old Republic Policy generally provides coverage for sums an insured is legally obligated to pay as damages because of bodily injury that takes place during the policy period and is caused by an accident, and a duty to defend any suit seeking damages.

16.     By endorsement, Icon is an additional insured for liability for bodily injury caused, in whole or in part, by the acts or omissions of Burgess Steel or those acting on its behalf.

17.     Additional insured coverage for Icon under the Old Republic Policy is primary.

18.     Additional insured coverage for Icon under the Old Republic Policy is primary to Icon's coverage under the Travelers Policy, which is excess.

## **Background Facts**

19.     Icon was the general contractor for the Project, which consisted of interior renovations at the Premises.

20.     By Purchase Order dated October 23, 2019, Icon retained Burgess Steel to provide labor and material to furnish and install structural steel support beams for the Project.

21.     The Purchase Order is subject to a master contract between Icon and Burgess Steel, which is applicable to all work performed by Burgess Steel for Icon ("Master Contract").

22.     The Master Contract requires Burgess Steel to maintain liability insurance with limits of at least $1 million and to name Icon and others as additional insureds on such insurance on a primary and non-contributory basis.

23.     On December 10, 2019, the Claimant, an employee of Burgess Steel, was injured when he was allegedly struck by a steel beam that allegedly was not properly secured while he was working in the course of his employment for Burgess Steel.

24.     The Claimant filed the Underlying Action against Icon and others in New York Supreme Court, New York County, seeking damages for the injuries he allegedly sustained as a result of the Accident.

25.     In the Underlying Action, the Claimant alleges, among other things, that he was allegedly caused to be injured by reason of the negligence of defendants (the owner and Icon) and "their contractors", i.e. Burgess Steel, "who were negligent in the ownership, operation, management and control of the … [P]remises."  The Claimant further alleges that while lawfully performing his duties for Burgess Steel at the Premises, "he was caused to be struck by a steel beam and roust about that was inadequately placed, secured, maintained", responsibilities of Burgess Steel, and that defendants and their contractors, i.e. Burgess Steel, "failed to provide proper hoisting devices and provided same that were improperly constructed, placed, maintained and contained defective rods, bolts and other defective devices, causing the plaintiff to be struck by an elevated load … [and] defendant failed to ensure that the steel beam was properly secured

and balances."

26.     Travelers is defending Icon in the Underlying Action without reservation under the Travelers Policy.

### Tender to Old Republic

27.     Travelers timely placed Old Republic on notice of the Accident and the Underlying Action and demanded that Old Republic acknowledge its primary obligation to defend and to indemnify Icon in the Underlying Action.

28.     To date, Old Republic has refused to acknowledge its obligation to defend and to indemnify Icon in the Underlying Action.

29.     An actual controversy exists between Travelers and Old Republic with respect to Old Republic's duty to defend and to indemnify Icon in the Underlying Action.

30.     Burgess Steel, Old Republic's named insured, is named as an interested party.

31.     Travelers has no adequate remedy at law.

### Claim for Declaratory Relief

32.     Travelers realleges the allegations contained in paragraph "1" through paragraph "31" as if fully set forth herein.

33.     The Old Republic Policy was in full effect on the date of the Accident.

34.     All terms and conditions of the Old Republic Policy, including payment of premiums, have been complied with and met.

35.     The Accident and the Underlying Action fall within the coverage afforded by the Old Republic Policy.

36.     Icon qualifies as an additional insured under the Old Republic Policy.

37.     Pursuant to the Old Republic Policy, Icon is entitled to defense and indemnity

from Old Republic for the Underlying Action.

38.     Old Republic's obligation to defend and to indemnify Icon under the Old

Republic Policy is primary to Travelers' obligation under the Travelers Policy.

## Claim for Breach of Contract

39.     Travelers realleges the allegations contained in paragraph "1" through paragraph

"38" as if fully set forth herein.

40.     The Old Republic Policy was in full effect on the date of the Accident.

41.     The Accident and the Underlying Action fall within the coverage afforded by the

Old Republic Policy.

42.     All terms and conditions of the Old Republic Policy, including payment of

premiums, have been complied with and met.

43.     Old Republic has breached its obligation to defend and to indemnify Icon in the

Underlying Action.

44.     As a result of Old Republic's breach, Travelers has been required to defend and to

indemnify Icon in the Underlying Action.

45.     Travelers has suffered and will continue to suffer on account of Old Republic's

failure to fulfill its obligations under the Old Republic Policy and, as such, Old Republic is liable

for any and all damages by virtue of its breach of its obligations, including past defense costs.

## Claim for Restitution

46.     Travelers realleges the allegations contained in paragraph "1" through paragraph

"45" as if fully set forth herein.

47.     Old Republic is obligated to defend and to indemnify Icon in the Underlying

Action.

48.     Old Republic has refused to defend and to indemnify Icon in the Underlying Action.

49.     As a result of Old Republic's refusal to defend and to indemnify Icon in the Underlying Action, Travelers has been required to defend and to indemnify Icon in the Underlying Action.

50.     Old Republic has been unjustly enriched in an amount equal to all amounts paid to defend and to indemnify Icon in the Underlying Action.

51.     Old Republic is required to make restitution because Old Republic will otherwise be unjustly enriched.

## Claim for Equitable Contribution

52.     Travelers realleges the allegations contained in paragraph "1" through paragraph "51" as if fully set forth herein.

53.     Old Republic is obligated to defend and to indemnify Icon in the Underlying Action.

54.     Old Republic has refused to defend and to indemnify Icon in the Underlying Action.

55.     As a result of Old Republic's refusal to defend and to indemnify Icon in the Underlying Action, Travelers has been required to defend and indemnify Icon in the Underlying Action.

56.     Travelers is entitled to equitable contribution from Old Republic for amounts paid to defend and to indemnify Icon in the Underlying Action.

## Prayer For Relief

WHEREFORE, Travelers respectfully requests that the Court enter a judgment as follows:

a)      Declaring that Old Republic has a duty to defend and to indemnify Icon in the Underlying Action under the Old Republic Policy on a primary and non-contributory basis and to reimburse for past expense;

b)      Awarding Travelers all damages incurred by virtue of Old Republic's breach of its obligation to defend and to indemnify Icon in the Underlying Action;

c)      Awarding Travelers as restitution an amount equal to amounts paid to defend and to indemnify Icon in the Underlying Action by virtue of Old Republic's unjust enrichment;

d)      Awarding Travelers equitable contribution from Old Republic for amounts paid to defend and to indemnify Icon in the Underlying Action;

e)      Awarding Travelers indemnification from Old Republic for amounts paid to defend and to indemnify Icon in the Underlying Action; and

f)      Awarding attorneys' fees, costs and interest, and such other and relief as this Court may deem necessary and proper.

Dated: Uniondale, New York
        July 11, 2023

                            RIVKIN RADLER LLP
                            Attorneys for Plaintiff

                    By:     *Joanne M. Engeldrum*
                            Joanne M. Engeldrum, Esq.
                            926 RXR Plaza
                            Uniondale, New York 11556-0926
                            (516) 357-3000