UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| THE CHARTER OAK FIRE INSURANCE COMPANY,<br><br>                              Plaintiff,<br><br>                -v.-<br><br>OLD REPUBLIC INSURANCE COMPANY, et al.,<br><br>                              Defendants. | 23 Civ. 05952 (JHR)<br><br>NOTICE OF INITIAL PRETRIAL CONFERENCE |

JENNIFER H. REARDEN, District Judge:

Counsel for all parties shall appear for an initial pretrial conference, via Microsoft Teams, on **October 26, 2023** at **2:00 p.m.** The parties will receive log-in credentials via email. The public listen-only line may be accessed by dialing 646-453-4442 and entering Conference ID: 934 558 236#.

All counsel are required to register promptly as filing users on ECF and to familiarize themselves with the S.D.N.Y. ECF Rules & Instructions, which are available at https://nysd.uscourts.gov/electronic-case-filing. **All counsel must also familiarize themselves with the Court's Individual Rules and Practices, which are available at https://nysd.uscourts.gov/hon-jennifer-h-rearden**. All pretrial conferences must be attended by the attorney who will serve as principal trial counsel.

Counsel are directed to confer with each other prior to the conference regarding settlement and each of the other subjects to be considered at a Federal Rule of Civil Procedure 16 conference. Additionally, in accordance with Rule 3.B of the Court's Individual Rules and Practices in Civil Cases, the parties are hereby ORDERED to file on ECF a joint letter, described below, as well as a proposed Civil Case Management Plan and Scheduling Order attached as an exhibit to the joint letter, no later than **October 25, 2023 at 2:00 p.m.** The parties shall use this Court's form proposed Civil Case Management Plan and Scheduling Order, which is available at https://nysd.uscourts.gov/hon-jennifer-h-rearden. At that time, one courtesy copy of the pleadings should also be emailed to ReardenNYSDChambers@nysd.uscourts.gov. Any open legal issues can be addressed at the conference.

The joint letter shall not exceed five (5) double-spaced pages, and shall provide the following information in separate paragraphs:

(1)     The names of counsel and current contact information;

(2) A brief statement of the nature of the action and the principal defenses, and the major legal and factual issues that are most important to resolving the case;

(3) A brief explanation of why jurisdiction and venue lie in this Court.  In any action in which subject matter jurisdiction is founded on diversity of citizenship pursuant to 28 U.S.C. § 1332, the letter must explain the basis for the parties' belief that diversity of citizenship exists.  Where any party is a corporation, the letter shall state both the place of incorporation and the principal place of business.  In cases where any party is a partnership, limited partnership, limited liability company, or trust, the letter shall state the citizenship of each entity's members, shareholders, partners, and/or trustees.  *See, e.g.*, *Handelsman v. Bedford Vill. Assocs. L.P.*, 213 F.3d 48 (2d Cir. 2000).  If this information is lengthy, it may be included in an Appendix to the letter, not to be included in the page limit.

(4) A statement regarding the status (if known) of any Defendants who have not appeared;

(5) A statement of all existing deadlines, due dates, and/or cut-off dates;

(6) A brief description of any outstanding motions, including the date such motions were filed and the nature of the relief sought;

(7) A statement and description of any pending appeals;

(8) A description of any discovery that has already taken place and of any discovery that needs to be completed;

(9) A brief description of the status of prior settlement discussions, without disclosing exact offers and demands;

(10) A statement of whether the parties have discussed employing alternate dispute resolution mechanisms and whether the parties believe that (a) a settlement conference before a Magistrate Judge; (b) participation in the District's Mediation Program; and/or (c) retention of a private mediator would be productive and, if so, when (*e.g.*, within the next 60 days, after the deposition of the plaintiff is completed, at the close of fact discovery, etc.);

(11) An estimate of the length of trial; and

(12) Any other information that the parties believe may assist the Court in advancing the case, including, but not limited to, a description of any dispositive or novel issue raised by the case.

If this case has been settled or otherwise terminated, counsel need not submit the joint letter or appear, provided that a stipulation of discontinuance, voluntary dismissal, or other appropriate proof of termination is filed on the docket prior to the joint letter submission

deadline, using the proper ECF Filing Event.  *See* S.D.N.Y. Electronic Case Filing Rules & Instructions §§ 13.17-13.18, 13.20.

Requests for an extension or adjournment must be made in accordance with the Court's Individual Rules and Practices in Civil Cases, including Rule 2.E.  Unless counsel are notified that the conference has been adjourned, it will be held as scheduled.

**Counsel who have entered a notice of appearance as of the date of this Order are directed to (1) notify counsel for all other parties in this action who have not yet appeared by serving upon each of them a copy of this Order and the Court's Individual Rules and Practices in Civil Cases forthwith, and (2) file proof of such notice with the Court.**  If unaware of the identity of counsel for any of the parties, counsel receiving this Order must forthwith send a copy of this Order and the Court's Individual Rules and Practices in Civil Cases to that party personally.

SO ORDERED.

Dated: October 12, 2023
       New York, New York

*Jennifer H. Rearden*
JENNIFER H. REARDEN
United States District Judge

3